UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 8, 2020

LETTER TO COUNSEL

    RE:   *Tricia S. v. Saul*
            Civil No. DLB-19-1110

Dear Counsel:

On April 15, 2019, Plaintiff Tricia S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's response. ECF No. 14 ("Pl.'s Mot."), ECF No. 15 ("Def.'s Mot."), ECF No. 16 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on March 3, 2015, alleging an onset date of January 1, 2008. Tr. 279, 281. Her claims were denied initially and on reconsideration. Tr. 162-69, 174-77. A hearing was held on December 11, 2017, before an Administrative Law Judge ("ALJ"). Tr. 38-79. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-24. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, anxiety, and personality disorder." Tr. 15. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to performing simple, routine, and repetitive tasks, but not at a production rate pace (e.g. assembly line work). The claimant is limited to simple work-related decisions. The claimant is limited to tolerating few changes in a routine work setting, defined as performing the same

*Tricia S. v. Saul*
Civil No. DLB-19-1110
July 8, 2020
Page 2

> duties at the same station or location day to day. The claimant is limited to no more than occasional interaction with supervisors and occasional contact with coworkers, with no tandem tasks or team-type activities, and no contact with the public.

Tr. 17. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a cosmetologist apprentice or cosmetologist, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 22-23. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

Plaintiff makes one primary argument on appeal: that the ALJ failed to properly evaluate her mental impairments. Pl.'s Mot. 9-16. Plaintiff argues that the ALJ's analysis under the "special technique" was not supported by substantial evidence. Specifically, Plaintiff challenges the ALJ's finding that she was only moderately limited in three of the four functional areas: understanding, remembering, and applying information; concentration, persistence, and pace; and interacting with others. She also argues that the ALJ did not analyze her ability to sustain work throughout an eight-hour workday. In response, the Commissioner argues that the ALJ "followed the applicable rules, and substantial evidence supports the final decision." Def.'s Mot. 5. I agree with the Commissioner.

When evaluating the severity of a claimant's mental impairments, the ALJ must employ the "special technique" to rate her degree of limitation in four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. §§ 404.1520a(c), 416.920a(c). An ALJ's assessment of a claimant's mental impairments is a "highly individualized process," in which the ALJ will consider "all relevant evidence." 20 C.F.R. 404.1520a(c)(1), 416.920a(c)(1). The ALJ assigns a rating to each functional area based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id*. §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

Here, the ALJ evaluated Plaintiff's mental impairments under the special technique and found that she had moderate limitations in the first three functional areas (understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace), and a mild limitation in her ability to adapt or manage herself. Tr. 16-17.

<u>The ALJ's finding that Plaintiff was only moderately limited in her ability to understand, remember, and apply information was supported by substantial evidence.</u>

Plaintiff first challenges the ALJ's finding that she was only moderately limited in her ability to understand, remember, and apply information. Pl.'s Mot. 12-13. The ALJ's analysis stated:

> In understanding, remembering, or applying information, the claimant has a moderate limitation. In her function report, the claimant reported that she had difficulty with memory, understanding, and following instructions. The claimant testified that she could not comprehend how clients wanted her to cut their hair at her previous job. She testified that it was difficult to help her daughter with her homework. However, at the May 2015 psychological evaluation, the claimant knew the names of the last three Presidents of the United States. She was able to repeat three words right away, and able to recall one word after five minutes. On examination, her vocabulary and fund of knowledge indicated cognitive functioning in the normal range. Her insight was poor, but her judgment was fair. The claimant's short term and long-term memory were intact. The fact that the claimant continued work through the first quarter of 2017 demonstrates that she has some ability to understand, remember and follow instructions. Overall, the evidence supports a moderate limitation in understanding, remembering, or applying information.

Tr. 16 (internal citations removed).

Plaintiff argues that the ALJ was required to find that she had a marked or extreme limitation in this area after "conced[ing] that Plaintiff's 'insight was poor.'" Pl.'s Mot. 12. For support, Plaintiff cites to 20 C.F.R. Pt. 404, Subpt P, App'x 1, § 12.00(F)(3)(f), which specifies that "the greatest degree of limitation of any part of the area of mental functioning directs the rating of limitation of that whole area of mental functioning." *See also* § 12.00(F)(3)(f)(ii) (explaining, for example, "if [a claimant] ha[s] marked limitation in maintaining pace, and mild or moderate limitations in concentrating and persisting, [the SSA] will find that [she] ha[s] marked limitation in the whole [] area of mental functioning"). The Commissioner argues, and I agree, that the regulations "do not state that a single 'poor' finding in the medical evidence directs a finding of marked or extreme limitations" in a functional area. Def.'s Mot. 7. Indeed, the regulations state that "no single piece of information (including test results) can establish the degree of limitation of an area of mental functioning." 20 C.F.R. Pt. 404, Subpt P, App'x 1, § 12.00(F)(3)(d).

The ALJ considered the relevant evidence, including an examination's finding of poor insight, and concluded that Plaintiff had no more than a moderate limitation in her ability to understand, remember, or apply information. In the RFC discussion, the ALJ cited to records showing "good insight." Tr. 19; *see Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) (explaining that a court "must read the ALJ's decision as a whole"). Plaintiff essentially asks the Court to reweigh the evidence, which it is not allowed to do. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence.").

Plaintiff also argues that the ALJ improperly considered her work history in determining her ability to understand, remember, or apply information. Pl.'s Mot. 12-13. At step one, the ALJ found that, although Plaintiff had significant gainful activity in the first quarter of 2017, there

*Tricia S. v. Saul*
Civil No. DLB-19-1110
July 8, 2020
Page 4

"ha[d] been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity," and stated that "[t]he remaining findings address the period(s) the claimant did not engage in substantial gainful activity." Tr. 15. As discussed, an ALJ is tasked with considering all relevant evidence, and Plaintiff's ability to engage in substantial gainful activity during the time period that she alleged she was disabled is certainly relevant evidence. *See, e.g.*, *Hardy v. Berryhill*, Civil No. ADC-16-3709, 2017 WL 3917010, at *7 (D. Md. Sept. 6, 2017) (affirming where the ALJ considered, among other factors, the fact that claimant worked after her alleged onset date). Thus, the ALJ's finding that Plaintiff was only moderately limited in her ability to understand, remember, and apply information was supported by substantial evidence.

> The ALJ's finding that Plaintiff was only moderately limited in her ability to concentrate, persist, and maintain pace was supported by substantial evidence.

Plaintiff next challenges the ALJ's finding that she was only moderately limited in her ability to concentrate, persist, and maintain pace. Pl.'s Mot. 13-15. In this area, the ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. In her function report, the claimant reported that she had difficulty completing tasks and concentrating. The claimant testified that she took Adderall three times a day for attention issues. However, this is not substantiated in the record. The claimant has reported auditory hallucinations telling her to "leave," which could affect her concentration, persistence, or pace. At the May 2015 psychological evaluation, the claimant reported unstable concentration and poor motivation. However, her thought processes were goal-directed and coherent. She was able to spell the word "world" correctly forward, but incorrectly backward. On examination, the claimant had normal focus and alertness. On examination in September 2017, the claimant was attentive with no signs of hyperactivity or attentional difficulties. The claimant was able to work through at least the first quarter of 2017, indicating at least some ability to concentrate and maintain pace. Overall, the evidence supports a moderate limitation in concentrating, persisting, or maintaining pace.

Tr. 16 (internal citations removed).

As to this analysis, Plaintiff's sole argument is that ALJ misstated her Adderall usage. The Commissioner does not dispute that the ALJ incorrectly asserted that Plaintiff's testimony about her Adderall usage was "not substantiated in the record." *See* Pl.'s Mot. 14; Def.'s Mot. 8. While the Commissioner asserts that the "misstatement was harmless" because "the ALJ cited additional, substantial evidence," Def.'s Mot. 8, Plaintiff argues for remand "because the ALJ's overtly false and defamatory conclusion is not substantial evidence," Pl.'s Mot. 14. Plaintiff further argues that if the ALJ had not made this mistake, she would have found that Plaintiff had extreme limitations in this area, "as evidenced by the Agency's own conclusion Plaintiff would experience 'occasional

*Tricia S. v. Saul*
Civil No. DLB-19-1110
July 8, 2020
Page 5

problems sustaining attention for extended periods of time and attending a normal work routine due to interfering emotional responses and lack of motivation.'" *Id*. at 14-15 (quoting Tr. 146, 158[1]); Pl.'s Resp. 2 ("Had the ALJ not misreported such well documented facts, Plaintiff maintains that she would not have summarily discounted the objective evidence that corroborates Plaintiff's forthcoming testimony about her difficulties with concentration, such as the evidence from the Commissioner's own expert."). Plaintiff's argument is unpersuasive.

The ALJ's finding that Plaintiff had a moderate limitation in concentration, persistence, or pace was not based solely on the ALJ's misstatement regarding Plaintiff's Adderall usage. For example, the ALJ also cited to record evidence showing normal focus and alertness, lack of attentional difficulties, and employment. Tr. 16; *see also* Tr. 19-20 (discussing the same as well as Plaintiff's ability to take care of her young daughter, cook, clean, watch television, and read).

With respect to Plaintiff's contention that the ALJ improperly discounted the opinions of the State agency consultants, the ALJ discussed their opinions and assigned them "partial weight." Tr. 21-22. Plaintiff implies that the ALJ was required to adopt the opinions of the State agency consultants, but she cites to no support for the proposition. *See, e.g.*, *Brooks v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2178, 2013 WL 150008, at *1 (D. Md. Jan. 10, 2013) ("[A]n ALJ need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC. Instead, an ALJ is required to consider 'all of the relevant medical and other evidence.'"). Moreover, both consultants opined that Plaintiff did not have more than a moderate limitation in the ability to concentrate, persist, or maintain pace. *See* Tr. 145-46, 157-58.

Plaintiff takes issue with the ALJ's treatment of the State agency consultants' use of the word "occasional:"

> Dr. Davis opined that the claimant was generally capable of persisting and completing tasks but may encounter occasional problems sustaining attention for extended periods of time and attending a normal work routine due to interfering emotional responses and lack of motivation. Dr. Davis did not specifically define "occasional problems sustaining attention" to mean 1/3 of the day or off-task more than 10 percent of the workday. Dr. Davis also assessed no more than moderate limitations in concentration, persistence, or pace. The record does not support that the claimant would be off-task for a significant portion of the workday in additional to normal breaks. On examination, the claimant had normal focus and alertness. For these reasons, the undersigned gives partial weight to the opinion of Dr. Davis, and finds that the claimant is capable of performing unskilled work with additional social and adaptation limitations . . . .

---

[1] The full opinion regarding Plaintiff's ability to concentrate, persist, and maintain pace from the State agency consultants is: "The [claimant] is generally capable of persisting and completing tasks but may encounter occasional problems sustaining attention for extended periods of time and attending a normal work routine due to interfering emotional responses and lack of motivation." Tr. 146, 158.

*Tricia S. v. Saul*
Civil No. DLB-19-1110
July 8, 2020
Page 6

Tr. 21 (internal citations removed). Plaintiff argues that the State agency consultant's use of the word "occasional" must be interpreted as "up to one third of the time," Pl.'s Resp. 3 (citing Social Security Rules 83-10 and 83-14), but does not cite to any authority for the proposition. In any event, the ALJ found that Plaintiff was not so limited and appropriately gave the opinion partial weight. Plaintiff has not identified a legal error here.

<u>The ALJ's finding that Plaintiff was only moderately limited in her ability to interact with others was supported by substantial evidence.</u>

Next, Plaintiff challenges the ALJ's evaluation of her limitations in social functioning. With respect to Plaintiff's ability to interact with others, the ALJ found that she had a moderate limitation. Tr. 16. The ALJ noted that Plaintiff reported having "been fired or laid off from a job because of problems getting along with other people," and that she had "a short temper, got irritated easily, and did not get along with people well." *Id*. The ALJ also noted that she was cooperative on examination and that "[she] reported that Depakote had reduced her overall outbursts." *Id*. In the RFC discussion, the ALJ noted that Plaintiff reported that she had "worked as a hair stylist, and had done customer service and retail work in the past; but would prefer a position where she could work independently from others." Tr. 19. In the RFC, the ALJ limited her social interaction, including no interaction with the public. Tr. 17.

Plaintiff argues that the ALJ "fail[ed] to discuss the significant mental health treatment records indicating that [she] ha[d] been assessed with 'Poor to no Social Skills.'" Pl.'s Mot. 15 (citing Tr. 34). Plaintiff asserts that these ignored records were "probative evidence of marked to extreme social limitations." *Id*. The record Plaintiff cites is a clinical summary from Wayne Marshall, LCPC, dated May 8, 2018 – five days after the ALJ's May 2, 2018 decision. Furthermore, the ALJ discussed Mr. Marshall's 2017 opinion that Plaintiff was unable to work due to, among other reasons, "extreme anxiety when in close proximity to people." Tr. 21 (citing Tr. 662). The ALJ gave Mr. Marshall's opinion little weight because licensed clinical professional counselors are not acceptable medical sources under the regulations, the "ultimate issue of whether an individual can go back to the workplace is an issue reserved to the Commissioner," and the "opinion [was] inconsistent with treatment records showing generally normal mental status." *Id*. (citing 20 C.F.R. §§ 404.1527(d), (f), 416.927(d), (f)). Plaintiff does not challenge the ALJ's reasons for giving Mr. Marshall's opinion little weight.

<u>The ALJ properly evaluated Plaintiff's ability to sustain work throughout a workday.</u>

Lastly, Plaintiff argues that the ALJ failed to evaluate her ability to sustain work throughout a workday. Pl.'s Mot. 15-16. She points out that the VE testified that there would be no work for a hypothetical person with Plaintiff's RFC who is off task 15% of the workday. *Id*. at 16 (citing Tr. 76). Rather than identify record evidence that supports an inability to stay on task, Plaintiff argues that "the ALJ's decision is devoid of evidence that she evaluated Plaintiff's ability to sustain any area of mental functioning on a regular and continuing basis." Pl.'s Resp. 3 (citing *Folsom v.*

*Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017)). I disagree. At step three, the ALJ provided substantial evaluations of the four functional areas, including Plaintiff's ability to concentrate, persist, and maintain pace. Tr. 16-17. An ALJ's special technique rating represents the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and *on a sustained basis*." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (emphasis added).[2]

Furthermore, the ALJ summarized the opinion of State agency psychological consultant, Catharina Eeltink, Ph.D., that Plaintiff "would be able to remember and carry out short and simple instructions, but may have some difficulty with more complex instructions due to reduced concentration," "would be able to maintain attention and concentration for at least two hours at a time as required for the performance of simple tasks," and "would be capable of performing simple tasks in an environment with limited interpersonal contact[.]" Tr. 21 (citing Tr. 120, 133). The ALJ accounted for Plaintiff's limitations with an RFC that limited her to, among other things, "simple, routine, and repetitive tasks, but not at a production rate pace (e.g. assembly line work)" and with limited social interactions. Tr. 17.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the record, and given the evidence outlined above, I find that the ALJ's evaluation of Plaintiff's mental impairments was supported by substantial evidence and that the ALJ applied the correct legal standards.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 15, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

---

[2] Plaintiff's citation to 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00F(4)(a), Pl.'s Mot. 15-16, is unpersuasive. That subsection addresses how the SSA will "evaluate mental disorders involving exacerbations and remissions":

> When we evaluate the effects of your mental disorder, we will consider how often you have exacerbations and remissions, how long they last, what causes your mental disorder to worsen or improve, and any other relevant information. We will assess any limitation of the affected paragraph B area(s) of mental functioning using the rating scale for the paragraph B criteria. We will consider whether you can use the area of mental functioning on a regular and continuing basis (8 hours a day, 5 days a week, or an equivalent work schedule). We will not find that you are able to work solely because you have a period(s) of improvement (remission), or that you are disabled solely because you have a period of worsening (exacerbation), of your mental disorder.

*Tricia S. v. Saul*
Civil No. DLB-19-1110
July 8, 2020
Page 8

      Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                                      Sincerely yours,

                                                              /s/

                                                    Deborah L. Boardman
                                                  United States Magistrate Judge